<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOAQUIN FERREIRA-PANARRA, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> COMMISSIONER OF SOCIAL SECURITY, : <br> : <br> Defendant. : | Civil Action No. 15-3668 (ES) <br><br> OPINION |

**SALAS, DISTRICT JUDGE**

Pending before this Court is Plaintiff Joaquin Ferreira-Panarra's ("Plaintiff") appeal of Administrative Law Judge Kimberly L. Schiro's (the "ALJ" or "ALJ Schiro") decision denying Plaintiff's application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act (the "Act"). The Court has subject matter jurisdiction pursuant to 42 U.S.C. § 405(g). The Court has considered submissions in support of and in opposition to the present appeal, as well as the administrative record, and decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons set forth herein, the Court VACATES ALJ Schiro's decision and REMANDS the case for further proceedings consistent with this Opinion.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

On March 22, 2012, Plaintiff filed a Title II claim for DIB alleging disability beginning January 13, 2011. (D.E. No. 8-2, Administrative Record ("Tr.") at 12).[1] The claim was initially denied on August 11, 2012. (*Id.*). Plaintiff's claim was denied upon reconsideration on December

---

[1]     Unless otherwise indicated, all internal citations and quotation marks are omitted, and all emphasis is added.

1

26, 2012.  (*Id.*).  On January 7, 2013, Plaintiff filed a request for a hearing before an administrative law judge.  (*Id.*).

Plaintiff's hearing was conducted on December 3, 2013.  (*Id.*).  ALJ Schiro issued an unfavorable decision on February 25, 2014.  (*Id.* at 9).  Plaintiff requested an Appeals Council review, which was denied on March 27, 2015.  (*Id.* at 1).  Plaintiff subsequently filed the instant appeal.

Plaintiff filed a memorandum of law on August 11, 2016.  (D.E. No. 13, Plaintiff's Memorandum of Law ("Pl. Mov. Br.")).  Defendant filed an opposition brief on September 26, 2016.  (D.E. No. 14, Defendant's Brief Pursuant to Local Civil Rule 9.1 ("Def. Opp. Br.")).  Plaintiff filed a reply brief on October 26, 2016.  (D.E. No. 15, Plaintiff's Reply Brief ("Pl. Reply Br."))[2]  This case is now ripe for determination.

## II.   LEGAL STANDARD

### A.  Standard of Awarding Benefits

To receive DIB under Title II, a plaintiff must show that he or she is disabled within the definition of the Act.  *See* 42 U.S.C. § 423.  In applying for DIB, claimants must also satisfy the insured status requirements enumerated in 42 U.S.C. § 423(c).

Disability is defined as the inability to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  *Id.* § 423(d)(1)(A).  The individual's physical or mental impairment(s) must be "of such severity that he is not only unable to do his previous work but cannot, considering his age,

---

[2]   Pursuant to Local Civil Rule 9.1(e)(3), a plaintiff in a social security appeal may file a reply brief within 15 days after receipt of the defendant's brief.  Here, Plaintiff filed a reply brief on October 26, 2016, i.e., 30 days after Defendant submitted its brief.  Notwithstanding Plaintiff's violation of Local Civil Rule 9.1(e)(3), the Court has considered Plaintiff's reply brief and the arguments therein.

education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id.* § 423(d)(2)(a).

The Social Security Act has established a five-step sequential evaluation process to determine whether a plaintiff is disabled. 20 C.F.R. § 404.1520(a)(4). If the determination at a particular step is dispositive of whether the plaintiff is or is not disabled, the inquiry ends. *Id.* The burden rests on the plaintiff to prove steps one through four. *See Bowen v. Yuckert,* 482 U.S. 137, 146 n.5 (1987). At step five, the burden shifts to the government. *Id.*

At step one, the plaintiff must demonstrate that he is not engaging in any substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). Substantial gainful activity is defined as work that (a) involves doing significant and productive physical or mental duties; and (b) is done (or intended) for pay or profit. *Id.* § 404.1510(a), (b). If an individual engages in substantial gainful activity, he is not disabled under the regulation, regardless of the severity of his impairment or other factors such as age, education, and work experience. *Id.* § 404.1520(b). If the plaintiff demonstrates he is not engaging in substantial gainful activity, the analysis proceeds to the second step.

At step two, the plaintiff must demonstrate that his medically determinable impairment or the combination of his impairments is "severe." *Id.* § 404.1520(a)(4)(ii). A "severe" impairment significantly limits a plaintiff's physical or mental ability to perform basic work activities. *Id.* § 404.1520(c). Slight abnormalities or minimal effects on an individual's ability to work do not satisfy this threshold. *See Leonardo v. Comm'r Soc. Sec.*, No. 10-1498, 2010 WL 4747173, at *4 (D.N.J. Nov. 16, 2010).

At step three, the ALJ must assess the medical evidence and determine whether the plaintiff's impairments meet or equal an impairment listed in the Social Security Regulations' "Listings of Impairments" in 20 C.F.R. § 404, Subpart P, Appendix 1. *See* 20 C.F.R. §

404.1520(a)(4)(iii). The ALJ must "fully develop the record and explain [her] findings at step three." *Burnett v. Comm'r of Soc. Sec,* 220 F.3d 112, 120 (3d Cir. 2000).

If a plaintiff is not found to be disabled at step three, the analysis continues to step four in which the ALJ determines whether the plaintiff has the residual functional capacity ("RFC") to perform his past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If the plaintiff lacks the RFC to perform any work he has done in the past, the analysis proceeds.

In the final step, the burden shifts to the Commissioner to show that there is a significant amount of other work in the national economy that the plaintiff can perform based on his RFC and vocational factors. *Id.* § 416.920(a)(4)(v).

### B. Standard of Review

The Court must affirm the Commissioner's decision if it is "supported by substantial evidence." 42 U.S.C. § 405(g); *Stunkard v. Sec'y of Health & Human Servs.*, 841 F.2d 57, 59 (3d Cir. 1988); *Doak v. Heckler,* 790 F.2d 26, 28 (3d Cir. 1986). Substantial evidence is more than a "mere scintilla" of evidence and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Although substantial evidence requires "more than a mere scintilla, it need not rise to the level of a preponderance." *McCrea v. Comm'r of Soc. Sec.,* 370 F.3d 357, 360 (3d Cir. 2004). While failure to meet the substantial evidence standard normally warrants remand, such error is harmless where it "would have had no effect on the ALJ's decision." *Perkins v. Barnhart,* 79 Fed. App'x. 512, 515 (3d Cir. 2003).

The Court is bound by the ALJ's findings that are supported by substantial evidence "even if [it] would have decided the factual inquiry differently." *Hartranft v. Apfel,* 181 F.3d 358, 360 (3d Cir. 1999). Thus, this Court is limited in its review because it cannot "weigh the evidence or

4

substitute its conclusions for those of the fact-finder." *Williams v. Sullivan,* 970 F.2d 1178, 1182 (3rd Cir. 1992).

### III. ALJ SCHIRO'S DECISION

ALJ Schiro held a hearing on remand from the Appeals Council. (Tr. at 12). Following the hearing, the ALJ found Plaintiff not disabled under the Act. (*Id.*). The ALJ also found that Plaintiff met the insured status requirements of the Act. (*Id.* at 14). At step one, the ALJ determined that Plaintiff had not engaged in any substantial gainful activity since the alleged onset date of disability. (*Id.*). At step two, however, the ALJ determined that Plaintiff's diabetes mellitus was a non-severe impairment under the Act. (*Id.*).

The ALJ determined that "there is no evidence to establish that [his] impairment resulted in significant limitations in physical work related functioning . . . ." (*Id.* at 16). In determining that Plaintiff's impairment was non-severe, the ALJ considered all of Plaintiff's "symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and SSRs 96-4p and 96-7p." (*Id.* at 15).

Thus, the ALJ concluded that Plaintiff "was not under a disability, as defined in the Social Security Act, at any time from January 13, 2011, the alleged onset date, through September 30, 2011, the date last insured ("DLI") (20 CFR 404.1520(c))." (*Id.* at 17).

### IV. DISCUSSION

On appeal, Plaintiff argues that ALJ Schiro's decision contains legal error and is not supported by substantial evidence. In particular, Plaintiff asserts that the ALJ (i) improperly evaluated the medical evidence (Pl. Mov. Br. at 9), and (ii) failed to fulfill her duty to fully develop the record (*id.* at 12). Plaintiff asks the Court to reverse the Commissioner's final administrative

5

decision and order the payment of benefits. (*Id.* at 14).

### A. The ALJ Failed to Explain the Weight She Assigned to the Opinions of the State Agency Physician

Plaintiff challenges the ALJ's determination that Plaintiff did not have an impairment or combination of impairments "of such severity as to preclude him from engaging in substantial gainful activity." (*Id.* at 8). Specifically, Plaintiff contends that the (i) ALJ failed to follow the "slight abnormality" standard in finding that Plaintiff's impairment is non-severe; (ii) ALJ's finding is contradicted by the State agency physician and offers no explanation for this conflict; and (iii) ALJ's failure to apply the correct legal standard concerning pain is an error that requires reversal. (*Id.* at 9-14).

Defendant responds that the ALJ's finding, namely, that Plaintiff did not meet his burden of proving that he had a severe impairment or combination of impairments, is supported by substantial evidence and is "consistent with the uncontroverted medical opinion evidence." (Def. Opp. Br. at 6-7). However, the Court finds that the Administrative Record demonstrates the opposite to be true.

At step two, Plaintiff must establish that his medically determinable impairment or the combination of his impairments is "severe." 20 C.F.R. § 404.1520(a)(4)(ii). An impairment or combination of impairments is "severe" if it significantly limits an individual's ability to perform basic work activities. As Defendant points out, Plaintiff must satisfy three elements in order to meet his burden at step two. (Def. Opp. Br. at 6). First, Plaintiff must prove that he has a medically determinable impairment. (*Id.*). Second, Plaintiff must prove that his medically determinable impairment is severe. (*Id.*). Third, Plaintiff must prove that he has a medically determinable severe impairment that meets the durational requirement of no less than twelve consecutive months. (*Id.*).

Here, the ALJ determined that Plaintiff had the medically determinable impairment of diabetes mellitus, which satisfies the first element, but found it was non-severe. (Tr. at 14). The ALJ concluded that Plaintiff's diabetes mellitus could have been reasonably expected to produce the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible . . . ." (*Id.* at 15). In her decision, for example, ALJ Schiro noted that, at a physical examination conducted shortly after the DLI, Plaintiff denied symptoms of diabetes and was observed sitting without any evidence of pain. (*Id.* at 16). Plaintiff's strength was "full in all extremities and sensation intact to light touch and pinprick," and his memory and judgment were found to be normal. (*Id.*). In 2009, Plaintiff had laser eye treatment with no edema remaining and his macular edema was noted to be controlled. (*Id.*). Moreover, Plaintiff denied feeling numbness or tingling or having dizziness. (*Id.*).

On the other hand, Dr. David Tiersten, a State agency physician, noted that Plaintiff complained of pain and suffering from diabetes, arthritis in his back and knees, and "feet issues." (*Id.* at 68-69). Plaintiff also complained that (i) his diabetes was "more out of control these days;" (ii) it is "harder for [him] to tie [his] shoes, because it is harder to bend down;" (iii) his diabetes is making him dizzier, which makes it difficult to walk; (iv) he has "more sores that do not go away;" and (v) his "eyes are getting worse." (*Id.* at 69).

Under the applicable regulations, when the medical opinions are internally inconsistent or in conflict with other evidence, the ALJ must evaluate the opinions and assign them respective weight to properly analyze the evidence involved. *Holmes v. Colvin*, 2014 U.S. Dist. LEXIS 179662, at *41 (E.D. Va. Dec. 8, 2014) (citing 20 C.F.R. §§ 404.1527(c)(2)-(6), (e), 416.927(c)(2)-(6), (e)). Otherwise, the courts face a difficult task in applying the substantial-evidence test when an ALJ has not considered all relevant evidence. *Arnold v. Sec'y of Health, Ed. & Welfare*, 567

F.2d 258, 259 (4th Cir. 1977). Unless the ALJ "has sufficiently explained the weight [s]he has given to obviously probative exhibits, to say that h[er] decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." *Id.* Accordingly, a reviewing court cannot determine if substantial evidence supports an ALJ's findings—as Defendant asks the Court to do here—unless the ALJ clearly indicates the weight assigned to all the relevant evidence. *Holmes,* 2014 U.S. Dist. LEXIS at *48-49. Therefore, the relevant inquiry is whether ALJ Schiro erred in failing to explain the weight assigned to Dr. Tiersten's (conflicting) medical opinion.

Here, the ALJ mischaracterized—without discussion or explanation—Dr. Tiersten's findings. (*Id.* at 16). ALJ Schiro incorrectly stated that Dr. Tiersten found that Plaintiff's impairments were *non-severe* through the DLI. (*Id.*). To support this finding, ALJ Schiro highlighted that (i) Plaintiff's diabetes is treated with insulin; (ii) Plaintiff's prior history of macular edema had been successfully treated with laser surgery two years previous; (iii) there is no clinical or laboratory evidence of any back impairment regarding Plaintiff's knee and back pain; and (iv) Plaintiff's knee arthritis was successfully treated. (*Id.*). Notably, however, Dr. Tiersten concluded that Plaintiff's diabetes mellitus was *severe*. (*Id.* at 72). Furthermore, ALJ Schiro stated that Dr. Tiersten's assessment is "consistent with the evidence" and that she "concurs." (*Id.* at 16). As Plaintiff correctly points out, however, Dr. Tiersten's opinion that Plaintiff's diabetes mellitus was severe flatly contradicts the ALJ's finding that Plaintiff's diabetes mellitus was non-severe, and the ALJ provided no rationale for this conflict, as required by SSR 96-6p. (Pl. Mov. Br. at 11). Consequently, the ALJ's explanation was insufficient "to make clear to any subsequent reviewers the weight the [she] gave to the . . . source's medical opinion and the reasons for that weight." *See* SSR 96-2p.

Accordingly, the Court remands this case so that the ALJ can fulfill her duty of discussing the weight she assigned to the conflicting medical opinions.[3]  In doing so, the ALJ should evaluate the opinions in their entirety and assign them respective weight.  Pending the outcome of the severity analysis at step two, the ALJ should, if applicable, proceed to steps three, four, and five.

**V. CONCLUSION**

For the foregoing reasons, the Court VACATES ALJ Schiro's decision and REMANDS the case for further proceedings consistent with this Opinion.  An appropriate Order accompanies this Opinion.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**

---

[3] The Court need not address the parties' additional arguments since it is remanding this case for further proceedings consistent with this Opinion.